JS 44 (Rev. 04/21)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS

Selvin Montes

### DEFENDANTS

144 Route Enterprises Inc. d/b/a Harrigan's Family Restaurant and Pub and Ryan McDermott and Aran McDermott, individually,

**(b)** County of Residence of First Listed Plaintiff   Morris
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant   Morris
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
The Law Offices of Jacob Aronauer
250 Broadway, Suite 600
New York, NY 10007 (212) 323-6980

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

| | |
|---|---|
| ☐ 1  U.S. Government Plaintiff | ☒ 3  Federal Question *(U.S. Government Not a Party)* |
| ☐ 2  U.S. Government Defendant | ☐ 4  Diversity *(Indicate Citizenship of Parties in Item III)* |

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** — **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane — ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability — ☐ 367 Health Care/ Pharmaceutical | | | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander — Personal Injury | | **INTELLECTUAL PROPERTY RIGHTS** | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability — Product Liability | | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 340 Marine — ☐ 368 Asbestos Personal Injury Product | | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability — Liability | | ☐ 835 Patent - Abbreviated New Drug Application | ☐ 460 Deportation |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle — **PERSONAL PROPERTY** ☐ 370 Other Fraud | | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability — ☐ 371 Truth in Lending | **LABOR** | ☐ 880 Defend Trade Secrets Act of 2016 | ☐ 480 Consumer Credit (15 USC 1681 or 1692) |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury — ☐ 380 Other Personal Property Damage | ☒ 710 Fair Labor Standards Act | | ☐ 485 Telephone Consumer Protection Act |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice — ☐ 385 Property Damage Product Liability | ☐ 720 Labor/Management Relations | **SOCIAL SECURITY** | ☐ 490 Cable/Sat TV |
| ☐ 196 Franchise | | ☐ 740 Railway Labor Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/ Exchange |
| | | ☐ 751 Family and Medical Leave Act | ☐ 862 Black Lung (923) | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** — **CIVIL RIGHTS** — **PRISONER PETITIONS** | | ☐ 790 Other Labor Litigation | ☐ 863 DIWC/DIWW (405(g)) | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights — **Habeas Corpus:** | ☐ 791 Employee Retirement Income Security Act | ☐ 864 SSID Title XVI | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 441 Voting — ☐ 463 Alien Detainee | | ☐ 865 RSI (405(g)) | ☐ 895 Freedom of Information Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment — ☐ 510 Motions to Vacate Sentence | | **FEDERAL TAX SUITS** | ☐ 896 Arbitration |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations — ☐ 530 General | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment — ☐ 535 Death Penalty | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 950 Constitutionality of State Statutes |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other — **Other:** ☐ 540 Mandamus & Other | **IMMIGRATION** | | |
| | ☐ 448 Education — ☐ 550 Civil Rights | ☐ 462 Naturalization Application | | |
| | ☐ 555 Prison Condition | ☐ 465 Other Immigration Actions | | |
| | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

| | | | | | |
|---|---|---|---|---|---|
| ☒ 1 Original Proceeding | ☐ 2 Removed from State Court | ☐ 3 Remanded from Appellate Court | ☐ 4 Reinstated or Reopened | ☐ 5 Transferred from Another District *(specify)* | ☐ 6 Multidistrict Litigation - Transfer | ☐ 8 Multidistrict Litigation - Direct File |

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
FLSA

Brief description of cause:
Unpaid wages

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND:   ☐ Yes   ☒ No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):*   JUDGE _____   DOCKET NUMBER _____

DATE
02/27/2025

SIGNATURE OF ATTORNEY OF RECORD
*Jacob Aronauer*

**FOR OFFICE USE ONLY**

| RECEIPT # | AMOUNT | APPLYING IFP | JUDGE | MAG. JUDGE |
|---|---|---|---|---|
| | | | | |

## INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

**I.(a)** **Plaintiffs-Defendants.** Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

**(b)** **County of Residence.** For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

**(c)** **Attorneys.** Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

**II.** **Jurisdiction.** The basis of jurisdiction is set forth under Rule 8(a), F.R.Cv.P., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.
United States plaintiff. (1) Jurisdiction based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States are included here.
United States defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.
Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.
Diversity of citizenship. (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked. (See Section III below; **NOTE: federal question actions take precedence over diversity cases.**)

**III.** **Residence (citizenship) of Principal Parties.** This section of the JS 44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

**IV.** **Nature of Suit.** Place an "X" in the appropriate box. If there are multiple nature of suit codes associated with the case, pick the nature of suit code that is most applicable. Click here for: Nature of Suit Code Descriptions.

**V.** **Origin.** Place an "X" in one of the seven boxes.
Original Proceedings. (1) Cases which originate in the United States district courts.
Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441.
Remanded from Appellate Court. (3) Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.
Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.
Transferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a). Do not use this for within district transfers or multidistrict litigation transfers.
Multidistrict Litigation – Transfer. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407.
Multidistrict Litigation – Direct File. (8) Check this box when a multidistrict case is filed in the same district as the Master MDL docket. **PLEASE NOTE THAT THERE IS NOT AN ORIGIN CODE 7.** Origin Code 7 was used for historical records and is no longer relevant due to changes in statute.

**VI.** **Cause of Action.** Report the civil statute directly related to the cause of action and give a brief description of the cause. **Do not cite jurisdictional statutes unless diversity.** Example: U.S. Civil Statute: 47 USC 553 Brief Description: Unauthorized reception of cable service.

**VII.** **Requested in Complaint.** Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.
Demand. In this space enter the actual dollar amount being demanded or indicate other demand, such as a preliminary injunction.
Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

**VIII.** **Related Cases.** This section of the JS 44 is used to reference related cases, if any. If there are related cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature.** Date and sign the civil cover sheet.

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY
-------------------------------------------------------------------X
SELBIN MONTES, individually,
and on behalf of others similarly situated,

                                 Plaintiff,

          -against-

144 ROUTE ENTERPRISES INC. d/b/a
HARRIGAN'S FAMILY RESTAURANT
AND PUB and RYAN MCDERMOTT and
ARAN MCDERMOTT, individually,

                             Defendants.
-------------------------------------------------------------------X

**COMPLAINT**

**FLSA COLLECTIVE**

Plaintiff Selbin Montes ("Montes" or "Plaintiff") individually, by and through his attorney, Jacob Aronauer of The Law Offices of Jacob Aronauer, complaining of 144 Route Enterprises Inc., d/b/a Harrigan's Family Restaurant and Pub ("Harrigan's"), Ryan McDermott ("R. McDermott") and Aran McDermott ("A. McDermott"), individually (collectively "Defendants"), alleges as follows:

## **PRELIMINARY STATEMENT**

1. This is a civil action brought by Plaintiff on behalf of himself and all similarly situated kitchen workers ("Kitchen Workers") who worked for Defendants to recover unpaid overtime compensation pursuant to the Fair Labor Standards Act ("FLSA"), the New Jersey Wage and Hour Law N.J.S.A. 34:11-56(a) *et seq.*, ("NJWHL") and the New Jersey Wage Payment Law, N.J.S.A. 34:11-4 *et seq.*, ("NJWPL"), respectively.

2. Plaintiff and his similarly situated coworkers worked or have worked at Harrigan's, owned and operated by Defendants.

3. Plaintiff brings this action on behalf of himself and all similarly situated current and former Kitchen Workers who elect to opt-in to this action pursuant to the FLSA, 29 U.S.C.

§§ 201 *et seq.*, and specifically, the collective action provision of 29 U.S.C. § 216(b), to remedy violations of the wage and hour and wage notice provisions of the FLSA at Harrigan's.

4.    Plaintiff and the FLSA Collective seek injunctive and declaratory relief against Defendants' unlawful actions, compensation for their failure to pay overtime wages, unpaid earned wages and liquidated damages, compensatory damages, pre-judgment and post-judgment interest, and attorneys' fees and costs, pursuant to the FLSA, NJWHL, and NJWPL.

## JURISDICTION AND VENUE

5.    This Court has jurisdiction over this action under 28 U.S.C. § 1331, 29 U.S.C. §§ 216(b) and (c), and 217; and 28 U.S.C. § 1337.

6.    This Court has supplemental jurisdiction over the New Jersey state law claims under the principles of pendent and ancillary jurisdiction.

7.    Venue is proper in this district under 28 U.S.C. § 1391(b)(c) and 28 U.S.C. § 1391(b)(2), because all or a substantial part of the events or omissions giving rise to the claims occurred herein.

## PARTIES

### Plaintiff Selbin Montes

8.    Plaintiff is and was at all times relevant hereto an adult individual residing in Morris County, New Jersey.

9.    From on or about May 2021, until on or about November 25, 2024, Plaintiff worked for Defendants.

10.    Plaintiff was employed as a cook for Harrigan's.

11.    Plaintiff was a covered employee within the meaning of the FLSA, NJWHL, and NJWPL.

2

**Defendant 144 Route Enterprises Inc. d/b/a Harrigan's Family Restaurant and Pub**

12. On information and belief, Harrigan's is a business incorporated in the State of New Jersey, operating in the restaurant industry, with its principal place of business located at 144 Main Rd, Montville, NJ 07045.

13. At all times relevant to this action, Harrigan's was an "enterprise engaged in interstate commerce" within the meaning of the FLSA.

14. On information and belief, R. McDermott and A. McDermott are the owners of Harrigan's.

15. R. McDermott is a registered agent for Harrigan's.

16. On information and belief, R. McDermott and A. McDermott own and maintain control, oversight, and direction over Harrigan's.

17. Harrigan's (1) engages in commerce or in the production of goods for commerce and handling, selling or otherwise working on goods or materials that have been moved in or produced for commerce by any person; and (2) an annual gross volume of sales in excess of $500,000.

18. Harrigan's employs similarly situated employees of the FLSA Collective at all times relevant.

**Defendant R. McDermott**

19. R. McDermott is a person engaged in business in Morris County, who is sued individually in his capacity as an owner, officer and/or agent of Harrigan's.

20. R. McDermott maintains control, oversight and direction over Harrigan's.

21. On information and belief, R. McDermott exercises sufficient control over Harrigan's to be considered Plaintiff's employer under the FLSA, NJWHL, and NJWPL, and

at all times material hereto said Defendant had the authority to hire and fire employees, set employee schedules and conditions of employment, determine rates and methods of payment to employees, and maintain employment records.

22. Defendant R. McDermott employed Plaintiff and similarly situated employees at all times relevant.

23. Defendant R. McDermott had substantial and operational control over Plaintiff's working conditions and the practices alleged herein.

**Defendant A. McDermott**

24. A. McDermott is a person engaged in business in Morris County, who is sued individually in his capacity as an owner, officer and/or agent of Harrigan's.

25. A. McDermott maintains control, oversight and direction over Harrigan's.

26. A. McDermott exercises sufficient control over Harrigan's to be considered Plaintiff's employer under the FLSA, NJWHL, and NJWPL, and at all times material hereto said Defendant had the authority to hire and fire employees, set employee schedules and conditions of employment, determine rates and methods of payment to employees, and maintain employment records.

27. Defendant A. McDermott employed Plaintiff and similarly situated employees at all times relevant.

28. Defendant A. McDermott had substantial and operational control over Plaintiff's working conditions and the practices alleged herein.

### FLSA COLLECTIVE ACTION ALLEGATIONS

29. The claims in this Complaint arising out of the FLSA are brought by Plaintiff on behalf of himself and other similarly situated employees who are current and former

employees of Defendants since the date three years prior to the filing of this Complaint who elect to opt-in to this action (the "FLSA Collective").

30. Presently, the FLSA Collective consists of approximately 25 similarly situated current and former employees of Defendants who have been victims of Defendants' common policy and practices that have violated their rights under the FLSA, *inter alia*, willfully denying them overtime wages.

31. As part of its regular business practice, Defendants have intentionally, willfully and repeatedly harmed Plaintiff and the FLSA Collective by engaging in a pattern and/or policy of violating the FLSA. This pattern and/or policy includes, *inter alia*, the following:

  i. failing to pay employees the applicable overtime rate for all time worked in excess of 40 hours per week;

  ii. failing to keep accurate records of hours worked by employees as required by the FLSA.

32. Defendants have engaged in their unlawful conduct pursuant to a corporate policy of minimizing labor costs and denying employees compensation. Defendants' unlawful conduct has been intentional, willful and in bad faith, and has caused significant damage to Plaintiff and the FLSA Collective.

33. The FLSA Collective would benefit from the issuance of a court-supervised notice of the present lawsuit and the opportunity to join in the present action. Those similarly situated employees are known to Defendants and are readily identifiable and locatable through their records. These similarly situated employees should be notified of and allowed to opt into this action, pursuant to 29 U.S.C. § 216(b).

34. The FLSA requires that employers pay all employees at least one and one-half times the employee's wage for all hours worked in excess of 40 hours during any workweek, unless they are exempt from coverage.

5

35. Defendants failed to compensate Plaintiff and members of the FLSA Collective at one and one-half times the employees' wage for all hours worked in excess of 40 during any workweek. The exact accounting of such discrepancy can only be determined upon completion of discovery.

36. Plaintiff and members of the FLSA Collective were not given notice containing the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal or lodging allowances; the regular pay day designated by the employer in accordance with the FLSA; and anything otherwise required by law.

37. Defendants paid Plaintiff and members of the FLSA Collective wages without any accompanying statement listing: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission or other; the regular hourly rate or rates of pay; the overtime hours worked; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; and net wages in accordance with the FLSA.

## STATEMENT OF THE FACTS

### Harrigan's Family Restaurant and Pub

38. Defendants are in the restaurant business. Per Harrigan's website (https://www.harrigansmontville.com/about-us), "Harrigan's is a family-oriented restaurant and bar located in Montville, NJ. Established in 1982, Harrigan's has been serving the local community with some of the best comfort food around for over 35 years."

39. According to Harrigan's website "Owners Aran and Ryan McDermott are Montville natives; they also own The Columbia Inn down the street from Harrigan's."

6

40. At all times relevant to this Complaint, Defendants maintained a policy and practice of requiring Plaintiff (and all similarly situated employees) to work in excess of 40 hours a week without paying appropriate overtime compensation as required by federal and state laws.

41. Plaintiff was a victim of Defendants' common policy and practices, which violated his rights under the FLSA and NJWHL by, *inter alia*, not paying him for all hours worked and time and a half for work performed after 40 hours.

**Plaintiff Selbin Montes' Employment with Harrigan's**

42. From on or about May 2021 to on or about November 25, 2024, Plaintiff worked as a prep cook on behalf of Defendants.

43. Plaintiff's duties included cutting food preparation, maintaining the cleanliness of the kitchen and stocking and organizing supplies.

44. During his employment, Plaintiff usually worked six days per week.

45. Plaintiff's schedule was as follows: Tuesdays to Saturdays, from 11:00 a.m. to 11:00 p.m. and Sundays from 11:00 a.m. to 9:00 p.m.

46. Thus, throughout his employment with Defendants, Plaintiff regularly worked 40 hours or more each week.

47. Throughout Plaintiff's employment, Defendants paid him $900 weekly.

48. Plaintiff was paid in currency (cash).

49. Plaintiff's salary did not include overtime.

50. Rather, Plaintiff was only paid for the first 40 hours that he worked.

51. Throughout his employment with Defendants, Plaintiff was not compensated for overtime in compliance with the FLSA and NJPWL.

52.     At no point in time did Defendants discuss with Plaintiff what, if any, would be his overtime rate of pay.

53.     Defendants never provided Plaintiff with a written wage notice in English and his native language Spanish, setting forth his regular hourly rate of pay and corresponding overtime rate of pay.

54.     When Plaintiff was paid by Defendants, Defendants did not provide Plaintiff with a statement or any other documentation of his hours worked during that pay period or his rate of pay.

55.     Plaintiff was not required to clock in or clock out in the course of his employment.

56.     During Plaintiff's employment, Defendants failed to maintain accurate and sufficient time and pay records.

**FIRST CAUSE OF ACTION**
**FLSA Overtime Violations, 29 U.S.C. §§ 201, et seq.**
**(On Behalf of Plaintiff and the FLSA Collective)**

57.     Plaintiff, on behalf of himself and the FLSA Collective, realleges and incorporates by reference all allegations in all preceding paragraphs.

58.     The overtime wage provisions set forth in the FLSA, 29 U.S.C. §§ 201 *et seq*., and the supporting federal regulations, apply to Defendants and protect Plaintiff and the FLSA Collective.

59.     Throughout the relevant time period, Plaintiff and the FLSA Collective regularly worked in excess of 40 hours per workweek.

60.     At all relevant times throughout Plaintiff's employment, Defendants have operated under a policy of willfully failing and refusing to pay Plaintiff and the FLSA Collective one and one-half times the regular hourly rate of pay for all work in excess of 40 hours per

8

workweek, and willfully failing to keep records required by the FLSA, even though Plaintiff and the FLSA Collective were entitled to receive overtime payments.

61.    At all times relevant throughout Plaintiff's employment, Defendants willfully, regularly, and repeatedly failed to pay the required rate of one and one-half times his regular hourly rate for all hours worked in excess of 40 hours per workweek.

62.    Defendants' decision not to pay overtime was willful.

63.    Plaintiff and the FLSA Collective seek damages in the amount of their unpaid overtime compensation, liquidated damages as provided by the FLSA for overtime violations, attorneys' fees and costs, and such other legal equitable relief as this court deems just and proper.

### SECOND CAUSE OF ACTION
### New Jersey Wage and Hour Law – Unpaid Overtime Wages
### (On Behalf of Plaintiff)

64.    Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

65.    At all times relevant, Plaintiff has been an employee of Defendants, and Defendants have been the employer of Plaintiff within the meaning of the NJWHL and the supporting New Jersey Department of Labor Regulations.

66.    At all times relevant, Plaintiff was covered by the NJWHL.

67.    At all times relevant to this action, Defendants were responsible for paying overtime wages to Plaintiff for each hour worked in excess of 40 in a week at a rate of time and one-half their regular rate of pay.

68.    At all times relevant Defendants had a policy and practice of refusing to pay the overtime compensation to Plaintiff at one and one-half their regular rate of pay.

9

69.    Defendants failed to pay Plaintiff the overtime wages to which he was entitled under the NJWHL and the supporting New Jersey Department of Labor Regulations.

70.    Defendants' failure to pay required overtime was willful.

71.    Through their knowledge and intentional failure to pay overtime wages to Plaintiff, Defendants have willfully violated the NJWHL, N.J.S.A. §34:11-56(a), *et seq.* and the supporting New Jersey State Department of Labor Regulations.

72.    Due to Defendants' willful violations of the NJWHL, Plaintiff is entitled to recover from Defendants his unpaid overtime wages, liquidated damages, reasonable attorneys' fees, costs, and pre-judgment and post-judgment interest as provided by the NJWHL.

**THIRD CAUSE OF ACTION**
**New Jersey Wage Payment Law – Failure to Pay Earned Wages**
**(On Behalf of Plaintiff)**

73.    Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

74.    NJWPL § 34:11-4.2 *et seq.* requires employers to pay the full amount of wages due to employees at least twice during each calendar month, on regular paydays that are designated in advance by the employer.

75.    Defendants are employers within the meaning of the NJWPL and Plaintiff is an employee within the meaning of the NJWPL.

76.    Plaintiff consistently worked more than 40 hours per week, and thus, is entitled to overtime pay.

77.    Defendants did not pay Plaintiff the full amount of wages due to him each pay period.

10

quebec（<br>

78.   Overtime pay is part of Plaintiff "wages" and therefore, in violation of Wage Payment Law N.J.S.A. 34:11-4.2, Defendants failed to pay Plaintiff the full amount of wages due on regular pay days, as they were required.

79.   Defendants' action in failing to pay Plaintiff his earned wages were willful and not based on any good faith belief and were in violation of the New Jersey Wage Payment Law N.J.S.A. 34:11-4.10.  Plaintiff is entitled to full payment for all wages due to him that were not paid.

80.   As a result of Defendants' NJWPL violations, Plaintiff is entitled to recover from Defendants unpaid overtime wages and liquidated damages, as well as reasonable attorneys' fees and the costs of this action, including interest, pursuant to the NJWPL's wage payment provisions.

**FOURTH CAUSE OF ACTION**
**New Jersey Wage Payment Law – Failure to Provide Accurate Wage Notices**
**(On Behalf of Plaintiff)**

81.   Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

82.   Defendants willfully failed to supply Plaintiff with wage notices, as required by NJWPL in English or in the language identified by Plaintiff as his primary language, containing his rate of pay, including but not limited to overtime rates of pay and basis thereof; the regular payday designated by the employer in accordance with NJWPL.

83.   Through their knowing or intentional failure to provide Plaintiff the wage notices required by the NJWPL, Defendants willfully violated NJWPL and the supporting New Jersey Department of Labor Relations regulations.

11

84.    Due to Defendants' willful violations of NJWPL, Plaintiff is entitled to recover damages determined by the statute, reasonable attorneys' fees, costs and injunctive and declaratory relief, as provided for by NJWPL.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays for the entry of an order and judgment against Defendants 144 Route Enterprises Inc., d/b/a Harrigan's Family Restaurant and Pub, Ryan McDermott and Aran McDermott jointly and severely, as follows:

(a)    Designation of this action as a collective action on behalf of the FLSA Collective and prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all similarly situated members of the FLSA opt-in class, apprising them of the pendency of this action, and permitting them to assert timely FLSA claims and state claims in this action by filing individual Consent to Sue forms pursuant to 29 U.S.C. § 216(b);

(b)    Damages for the unpaid overtime wages due to Plaintiff and the FLSA Collective, in an amount to be determined at the trial of the action, liquidated damages as provided by the FLSA, interest, attorneys' fees, and the costs of the action;

(c)    Damages for the unpaid overtime wages, illegal pay deductions, wages and notice damages due to Plaintiff, in an amount to be determined at the trial of the action, liquidated damages, interest, attorneys' fees, and the cost of the action as provided by the NJWHL and NJWPL;

(d)    For pre-judgment and post-judgment interest on the foregoing amounts;

(e)    For the costs and disbursements of this action, including attorneys' fees; and

(f)    For such other further and different relief as this Court deems just and proper.

Dated: February 27, 2025
New York, New York

**THE LAW OFFICES OF JACOB ARONAUER**

Respectfully submitted,

*/s/ Jacob Aronauer*
Jacob Aronauer
250 Broadway, Suite 600
New York, NY 10007
(212) 323-6980
jaronauer@aronauerlaw.com

*Attorney for Plaintiff*

13